UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARILOU SAMSON,

    Plaintiff,

    v.

ONE WEST BANK, et al.,

    Defendant.

_____/

No. C 10-4827 PJH

**ORDER**

Pro se plaintiff Marilou Samson filed this action on October 25, 2010, against defendants One West Bank; Aurora Loan Services LLC; JP Morgan Chase; Indymac Mortgage Services, Evergreen Lending, Inc.; and Mortgage Electronic Registration System, M.E.R.S. Plaintiff alleges eight causes of action – (1) violation of the Banking Act of 1933 (Glass-Steagal Act Request for Reinstatement Repealed Parts); (2) securities fraud under 15 U.S.C. § 6801 (Graham-Leach-Bliley Act); (3) securities fraud under the Securities Exchange Act of 1934, § 10(b); (4) violation of the Trust Indenture Act of 1939; (5) securities fraud under the Securities Exchange Act of 1934 § 12; (6) civil conspiracy under 18 U.S.C. § 371; (7) rescission; and (8) scienter (intent to mislead).

Now before the court is plaintiff's motion for "interlocutory injunction," which she seeks to have heard without notice to the opposing parties. The court interprets the motion as an application for a temporary restraining order. Plaintiff asserts that she is the owner of real property located at 2574 31st Avenue, San Francisco, California; that "defendants" have recorded a Notice of Trustee's Sale with the San Francisco County Recorder; and that the trustee's sale is scheduled for November 29, 2010. Although plaintiff's papers are not entirely clear, it appears that she seeks an order halting the trustee's sale.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

A party seeking a preliminary injunction must demonstrate (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 129 S.Ct. 365, 374 (2008). An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 376, 381.

The standard for obtaining ex parte relief under Rule 65 is very stringent. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir.2006). The restrictions imposed by Rule 65, on the availability of ex parte temporary restraining orders, "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

Accordingly, courts have generally confined ex parte injunctive relief to two situations. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). A plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Id. In addition, courts have recognized a "narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (citation and quotation omitted).

Under Rule 65,

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant

2

before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, while plaintiff has filed an affidavit in support of her motion, she has neither provided specific facts clearly showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition; nor certified in writing the efforts made to give notice and the reasons why it should not be required. She states only that her "right to privacy is in jeopardy of unfair credit reporting and Securities Fraud." This does not constitute a sufficiently specific factual showing to justify the issuance of a temporary restraining order without notice to the opposing parties.

Moreover, the form of the proposed temporary restraining order submitted by plaintiff does not comply with Civil Local Rule 65-1(c), as it does not include a proposed order to show cause re preliminary injunction, and does not include "a place for the Judge to fix the time within which the restraining order and all supporting pleadings and papers must be served upon the adverse party . . . ." The form of the proposed temporary restraining order is further deficient in that it does not describe the relief being sought, and does not identify the party or parties being enjoined. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 15, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3