United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARILOU SAMSON,

Plaintiff,

v.

ONE WEST BANK, et al.,

Defendants.

_______________________________/

No. C 10-4827 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendant Aurora Loan Services LLC for an order dismissing the first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, came on for hearing before this court on July 27, 2011. Plaintiff appeared in pro per, and Aurora appeared by its counsel Imran Hayat. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiff Marilou Samson. Plaintiff alleges that she purchased the property, which is located in San Francisco, California, on July 26, 2005. According to documents attached to the FAC, it appears that the purchase was financed with an adjustable rate loan for $576,000, which plaintiff obtained from Evergreen Lending, Inc. The loan was secured by a Deed of Trust on the property. The Deed of Trust was

recorded in the San Francisco Recorder's Office on July 29, 2005.

Plaintiff stopped making payments on the loan. An assignment of the Deed of Trust and a Substitution of Trustee were executed and recorded, giving the servicer and its foreclosure trustee the ability to initiate foreclosure proceedings. On July 27, 2010, the trustee recorded a Notice of Default and Election to Sell Under Deed of Trust, and on November 4, 2010, recorded a Notice of Trustee's Sale, set for November 29, 2010.

Plaintiff filed this action on October 25, 2010, against defendants One West Bank ("One West"); Aurora Loan Services LLC ("Aurora"); JP Morgan Chase ("Chase"); Indymac Mortgage Services ("Indymac"); Evergreen Lending, Inc. ("Evergreen"); and Mortgage Electronic Registration System, M.E.R.S. ("MERS"). No summonses were issued, and plaintiff has filed no proof of service on any defendant with the exception of Aurora.

On February 11, 2011, the court granted Aurora's motion to dismiss, with leave to amend, although plaintiff neither opposed the motion in writing nor appeared at the hearing to oppose it. Plaintiff filed the FAC on March 17, 2011, asserting causes of action for fraud, breach of the duty to disclose, breach of the duty to be honest and truthful, negligence, and negligent misrepresentation, as to all six defendants.

Aurora asserts that it is the "Master Servicer" of plaintiff's loan, and that One West services it. Aurora argues that the FAC should be dismissed because it alleges all claims against all defendants without making any specific factual allegations against any defendant, including Aurora; because the fraud claims (first and fifth causes of action) are not pled with particularity as required by Federal Rule of Civil Procedure 9(b); and because plaintiff fails to allege facts showing that Aurora owed any duty to plaintiff (second, third, and fourth causes of action).

Plaintiff opposes the motion, although her opposition consists almost entirely of citations to legal authority, without any explanation of how that authority applies to the facts or causes of action alleged in the FAC. She claims that she is "entitled" to bring an action against "the lender" for "[s]uppression and [c]oncealment" of the mortgage transaction, that defendants "in [t]heir [e]ntirety" had "[k]nowledge and [i]ntent" in the mortgage transaction,

and that Aurora's role as "Master Servicer" does not "[e]xempt" it from its duties as a fiduciary. She also complains that Aurora has failed to provide her with the "true identity of the real owner," and appears to be "presenting false information to the court."

**DISCUSSION**

A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. __, 129 S.Ct. at 1950.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, although the court may consider a matter that is properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir. 1994).

B. Defendant's Motion

1. Fraud claims

Aurora argues that the first cause of action for fraud and the fifth cause of action for negligent misrepresentation must be dismissed because the FAC fails to plead the elements with particularity, as required by Rule 9(b).

To state a claim for fraud, a plaintiff must allege facts showing a representation, falsity, knowledge of falsity, intent to deceive (intent to induce reliance), and reliance and resulting damages (causation). Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 993 (2004).

As noted above, Rule 9(b) requires that these facts be alleged with particularity. In re GlenFed, 42 F.3d at 1547-49; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.

1997) (fraud allegations should include the "who, what, where, when and how"). And where, as here, plaintiff alleges only corporate fraud, they "should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Negligent misrepresentation is a fraud-based claim and also requires pleading with particularity. Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004); see also Lorenz v. Sauer, 807 F.2d 1509, 1511-12 (9th Cir. 1987). The elements of a negligent misrepresentation claim are the same as those for a claim of fraudulent misrepresentation, except that there is no requirement of an intent to induce reliance. The misrepresentation must concern a past or existing fact. See e.g., Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007); see also Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (Where an action involves multiple defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Here, the FAC does not allege any facts showing what misrepresentations were

made to plaintiff, who made them, when they were made, or why they were fraudulent. For example, in the first cause of action for fraud, plaintiff alleges that "defendants willfully withheld pertinent facts to borrower that could have ultimately prevented the Plaintiff from entering into the original transaction had she known the consequences of the defendants [sic] actions creating both civil and taxation liability on the Plaintiff," that "[t]hese defects materially affect the value and desirability of the property," and that "[d]efendant failed to disclose to plaintiff the existence of these defects with the intent to induce plaintiff to complete the purchase of the property." FAC ¶¶ 16-18.

However, the FAC does not identify the "pertinent facts" that were allegedly withheld, and does not allege that Aurora withheld any of said "pertinent facts." The FAC does not even mention Aurora (or any defendant) by name in any cause of action, instead asserting the claims, variously, against "defendant" or "defendants," without connecting any particular defendant or defendants to any particular action.

Similarly, in the fifth cause of action for negligent misrepresentation, the FAC alleges that "defendant represented in writing in a Notice of Trustee Sale stating that the property was unencumbered which was a false and misleading statement made by the officers of the Defendants," that "[s]uch Notice stated that they had conducted a competent and diligent inspection of the Public Records of the property and found no defects," and that "[i]n fact, defendant had not conducted a competent and diligent search of the property," and "[d]efendant failed to disclose to plaintiff certain defects and transactions that would have been discovered had they undertaken such and inspection to wit: Quitclaim Deed recorded on September 30th 2010 by Plaintiff and filed in the San Francisco County Assessor's Office to which Defendants were noticed after filing, yet defendants failed to contest such Deed nor attempted to make change and secretly conveyed and sold property despite the public records." FAC ¶ 32.

Again, the FAC alleges no facts relating to any action undertaken by Aurora, and does not allege that Aurora was involved in the issuance of the Notice of Trustee's Sale. The court finds that the FAC fails to state a claim of either fraud or negligent

misrepresentation against Aurora.

2. Claims of tortious breach of duties owed to plaintiff

Aurora contends that the second cause of action for breach of duty to disclose, the third cause of action for breach of duty to be honest and truthful, and the fourth cause of action for negligence all fail because the FAC fails to plead any facts showing that Aurora owed any duty to plaintiff under the law.

The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary duty, a breach of the fiduciary duty, and resulting damage. Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101-02 (1991).

The relationship between a lending institution and its borrower-client is not fiduciary in nature. Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093, n.1 (1991) (citing Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476-478 (1989)). A commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal. App. 3d at 1093, n.1, 283 (citing Kruse v. Bank of America, 202 Cal. App. 3d 38, 67 (1988)). Nor, in general, does a loan servicer owe a fiduciary duty to a borrower. Castaneda v. Saxon Mrtg. Servs., Inc., 2010 WL 726903 at *7 (E.D. Cal., Feb. 26, 2010); Shepherd v. American Home Mortgage Serv., Inc., 2009 WL 4505925 at *2 (E.D. Cal., Nov. 20, 2009).

To the extent that plaintiff is alleging a claim of breach of fiduciary duty against Aurora, the claim must be dismissed. The FAC alleges no facts sufficient to give rise to an inference that the relationship between plaintiff and Aurora is fiduciary in nature. Vague allegations and mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

With regard to the cause of action for breach of the duty to be honest and truthful,

United States District Court
For the Northern District of California

the court notes that there is no cognizable duty to be honest and truthful. Thus, the court construes this as a claim for breach of the implied covenant of good faith and fair dealing. To allege breach of the duty of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract. See Racine & Laramie Ltd. v. Department of Parks & Rec., 11 Cal. App. 4th 1026, 1031-32 (1992); see also Guz v. Bechtel Nat'l. Inc., 24 Cal. 4th 317, 349-350 (2000) (covenant of good faith and fair dealing cannot be endowed with existence independent of its contractual underpinnings, and thus cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement).

Apart from simply asserting what appears to be a claim of breach of the implied covenant of good faith and fair dealing, plaintiff does not allege facts establishing that Aurora breached a contractual obligation. Even construing the allegations of the FAC liberally, the court finds that it fails to plead facts showing the existence of a contract between plaintiff and Aurora. Nor does the FAC allege the manner in which Aurora breached a contractual obligation – that is, conduct that frustrated plaintiff's rights to benefit from the contract. Thus, the FAC fails to sufficiently plead a claim for breach of the implied covenant of good faith and fair dealing.

To the extent that the claim is predicated on some alleged breach of a contractual obligation under the Deed of Trust, this claim is subject to dismissal because a covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement." Carma Developers (Cal.), Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 374 (1992).

Here, the Deed of Trust provides that in the event of a default, the borrower must be notified of, among other things, the default, the action required to cure default, the date by which the default must be cured, and that failure to cure the default by the date specified may result in the acceleration of the sums secured by the Deed of Trust and sale of the property. The Deed of Trust further provides that if the default is not cured by the date

specified in the notice, the lender may require immediate payment in full of the sums secured by the Deed of Trust without further demand, and may invoke the power of sale.

Plaintiff does not allege that she did not default on the loan. Nor does she assert that she was not notified of the default, the action required to cure default, or the date by which the default must be cured, or that failure to cure the default by the date specified might result in the sale of the property.

To state a claim for negligence, a plaintiff must plead facts showing a legal duty to use reasonable care, breach of that duty, injury to the plaintiff as a result of the breach, and damages. See Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998); Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998). A plaintiff must plead facts showing each of those elements.

With respect to Aurora, the FAC fails to state a claim for negligence. As with the breach of fiduciary duty claim, plaintiff fails to allege any facts supporting the existence of a duty owed by Aurora in this case. Loan servicers do not owe a duty to the borrowers of the loans they service. Marks v. Ocwen Loan Servicing, 2009 WL 975792 at *7 (N.D. Cal., Apr. 10, 2009) (a loan servicer does not owe any duty to the borrower beyond the duties set forth in the loan contract).

**CONCLUSION**

In accordance with the foregoing, the court finds that Aurora's motion must be GRANTED. The court finds that leave to amend the second, third, and fourth causes of action would be futile, as against Aurora, and those claims are dismissed with prejudice. The court will grant leave to amend as to the first cause of action for fraud, and the fifth cause of action for negligent misrepresentation, to allege with particularity facts supporting the elements of the claims, and to state a claim specifically against Aurora. The second amended complaint must be filed no later than August 17, 2011. No additional claims or parties may be added without leave of court.

In addition, no later than August 8, 2011, plaintiff must file a certificate of service, showing that the summons and complaint was served on defendants One West, Chase,

Indymac, Evergreen, and MERS, as of February 24, 2011. If she fails to do so, those defendants will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Finally, plaintiff's motion for discovery sanctions is DENIED, as discovery has not yet commenced.

**IT IS SO ORDERED.**

Dated: July 28, 2011

PHYLLIS J. HAMILTON
United States District Judge