UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARILOU SAMSON,

    Plaintiff,

    v.

ONE WEST BANK, et al.,

    Defendants.
_____/

No. C 10-4827 PJH

**ORDER GRANTING MOTION TO DISMISS**

    The motion of the sole remaining defendant, Aurora Loan Services LLC ("Aurora"), to dismiss the second amended complaint (incorrectly designated as the third amended complaint) in the above-entitled action came on for hearing before this court on November 9, 2011. Plaintiff Marilou Samson appeared in pro per, and Aurora appeared by its counsel Victoria Edwards. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, as follows for the reasons stated at the hearing.

    The background of the case is as set forth in the court's previous orders filed November 15, 2010, February 18, 2011, July 28, 2011, and August 22, 2011. In the second amended complaint, plaintiff asserts causes of action for (1) fraudulent misrepresentation, (2) "churning," in violation of § 10(b)(5) of the 1934 Securities Act, and Rule 10b-5; and (3) promissory estoppel and waiver.

In dismissing the first amended complaint, the court granted leave to amend as to only the fraud claims asserted by plaintiff.  Because plaintiff failed to seek leave of court to add the Securities Act claim and the estoppel claim, the motion to dismiss those claims is GRANTED.  The Securities Act claim is dismissed for the additional reason that the court previously ruled in the order granting defendant's motion to dismiss the original complaint that plaintiff lacked standing to assert a claim under the Securities Act.

The motion to dismiss the first cause of action for fraudulent misrepresentation is GRANTED, because plaintiff has failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), and as directed in the order granting the motion to dismiss the first amended complaint.

The second amended complaint alleges that plaintiff obtained a loan from Evergreen Lending, Inc. ("Evergreen"), in July 2005, in the amount of $576,000; and that Evergreen falsely represented that the loan would be a fixed rate loan.  The second amended complaint mentions Aurora only twice.

The first mention is in the general allegations, where plaintiff asserts that "it appears as though Aurora Loan Services LLC became the servicer through the investment of Lehman Brothers which shows on the Security and Exchange Commission Edgar Search Site proves that there was a valid creation and security created from the Plaintiffs [sic] real property."  SAC ¶ 21.  The second mention is in the third cause of action for promissory estoppel, where plaintiff asserts that Aurora was "agent or assign for One West or Indy," with no supporting facts.  SAC ¶ 38.

In short, the second amended complaint includes no allegations of wrongdoing against Aurora, which means it fails to state a claim against Aurora and must be dismissed.  The court has already twice granted leave to amend, and in the order dismissing the first amended complaint, provided specific instructions as to what plaintiff needed to do to state a fraud claim against Aurora.  Because plaintiff completely failed to amend the complaint in accordance with the court's instructions, the court finds that further leave to amend would be futile.  Accordingly, the dismissal is WITH PREJUDICE.

Having granted the motion to dismiss, the court finds that plaintiff's remaining motions must be DENIED as moot.

**IT IS SO ORDERED.**

Dated: November 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge